IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **SHAWN BOSLEY on behalf of himself and others similarly situated,** | ) )  CASE NO. |
| Plaintiff, | )  JUDGE |
| v. | ) ) **COLLECTIVE ACTION COMPLAINT** |
| **KREILKAMP TRUCKING, INC.** | ) ) **JURY DEMAND ENDORSED HEREON** |
| Defendants. | ) |

Plaintiff Shawn Bosley by and through the undersigned counsel, for his Collective Action Complaint against Defendant Kreilkamp Trucking, Inc. states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join this case pursuant to § 216(b) ("Potential Opt-Ins").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28

U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Defendant is a corporation for profit organized under the laws of the State of Wisconsin, and maintaining its principal place of business in Allenton, WI. Defendant can be served through its registered agent, Daniel R. Dineen 246 S. 5th Ave., West Bend, WI 53095-3304

5. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Allenton, WI.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because Defendant maintains its principal place of business in this district.

## **FACTUAL ALLEGATIONS**

7. Defendant is a motor carrier in the business of providing long-haul trucking services to its customers. In connection with these services, Defendant employs truck drivers like Plaintiff and those similarly situated.

8. Plaintiff is an individual residing in Dover, OH. Plaintiff was employed by Defendant to work as a long-haul/ over-the-road truck driver, transporting goods on behalf of Defendant. Plaintiff reported to Defendant's Allenton, WI terminal.

9. Plaintiff and similarly situated long-haul/over-the-road truck drivers were employed by Defendant in connection with its logistics/trucking business operations.

10. In the course of their employment with Defendant, Plaintiff and similarly situated drivers were routinely on duty for over 24 hours straight. Many worked away from home for many consecutive days.

11. In connection with their truck driving work, Plaintiff and similarly situated long-haul/over-the-road truck drivers were required to perform duties and remain at all times with or near the truck, to help protect the Defendant's trucks and the contents of the towed

shipping containers/trailers.

12. Furthermore, after completing a route, Plaintiff and similarly situated drivers were required to remain in the vicinity of the completed load on duty until Defendant could arrange for a return load. Frequently, this required Plaintiff and those similarly situated to remain on duty for many hours, often in excess of 24 hours.

13. Plaintiff and the Potential Opt-Ins were, at all times, compensated on a per-mile basis. Thus, Plaintiff and those similarly situated were not compensated for their work while on duty engaged to be waiting for a return route.

14. When dividing the total weekly pay by the total weekly hours worked under the FLSA, respectively, for the Plaintiff and the Potential Opt-Ins, there are numerous workweeks in the time period of three years preceding the date this lawsuit was filed and forward that Plaintiff and the Potential Opt-Ins were not paid at least the FLSA minimum hourly wage rate by Defendant.

15. The FLSA requires that an employer pay its employees at least the federal minimum wage for all hours of work completed on behalf of the employer. 29 U.S.C. § 206.

16. As of the filing of this lawsuit, the federal minimum wage is $7.25 per hour, and it has been $7.25 at all times relevant to this lawsuit. 29 U.S.C. § 206(a).

17. The FLSA requires that, where an employee is required to be on duty for 24 hours or more, all of those hours of work are compensable hours worked, absent a prior agreement of the employer and employee to the contrary. See 29 C.F.R. § 785.22(a).

18. In the event the employer and employee do agree to exclude bona fide sleeping periods, the employer may only credit eight hours of work time as sleeping time. See *Id*. Federal law requires employers to make and keep accurate and detailed payroll data for non-

3

exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2.

19. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)-(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

20. The FLSA's Motor Carrier Act Exemption applies only to an employee's eligibility for overtime wages, and not to their entitlement to minimum wages. *See* 29 U.S.C. § 213(b)(1). (exempting transportation workers from maximum hour requirements only). Consequently, employees subject to the Motor Carrier Act Exemption are entitled to minimum wages.

21. At all times relevant to this lawsuit, Defendant has been and is an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

22. At all times relevant to this lawsuit, Defendant has been and is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

23. At all times relevant to this lawsuit, Defendant has employed and continues to employ two or more long-haul over-the-road truck drivers, including Plaintiff and the Potential Opt-Ins, who engaged in commerce or who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce.

24. At all relevant times, Defendant has had annual gross volume of sales or

4

business done in excess of $500,000.

25. The FLSA applied/applies to Plaintiff and the Potential Opt-Ins at all times that they worked as long-haul over-the-road truck drivers for Defendant.

26. No exemption applies which would prohibit Plaintiff and the Potential Opt-Ins from receiving minimum wages for all hours worked for Defendant.

27. At all relevant times, Plaintiff and the Potential Opt-Ins were entitled to be paid at least the FLSA minimum wage for all hours worked for Defendant.

28. Because Plaintiff and the Potential Opt-Ins worked for periods in excess of 24 hours, they were entitled to be paid for all hours worked in those periods, unless there was a prior agreement that Defendant could subtract eight hours of sleep time from their workday.

29. On information and belief, no such agreement to subtract eight hours of sleep time per day existed between Plaintiff and Defendant or between the Potential Opt-Ins and Defendant. However, even if such agreement did exist, Defendant would have remained obligated to pay its drivers for all time on duty up to and including 16 hours per day.

30. However, Defendant's pay practice was to pay wages to Plaintiff and the Potential Opt-Ins strictly on a per-mile basis, and thus Defendant failed to meet its obligations.

31. Defendant did not ensure that these wages met or exceeded the minimum wage when divided by all of the hours Plaintiff and the Potential Opt-Ins worked each workweek.

32. The wages received by Plaintiff and the Potential Opt-Ins from Defendant frequently fell short of the minimum wage when dividing all weekly wages paid by all weekly hours worked under the FLSA.

33. Defendant's failure to pay Plaintiff and the Potential Opt-Ins at least the FLSA minimum hourly wage rate violated the FLSA.

34. Defendant's violation of the FLSA is/was willful within the meaning of 29 U.S.C. § 255(a).

35. At all material times, Defendant was aware that Plaintiff and the Potential Opt-Ins were not paid at least the FLSA minimum wage for all hours worked per workweek.

**COLLECTIVE ACTION ALLEGATIONS**

36. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

38. Plaintiff seeks to bring his claims under the FLSA, 29 U.S.C. § 216(b), on behalf of himself and the following class of Potential Opt-Ins:

> All current and former truck drivers who worked for Defendant and who were paid on a per-mile basis and who did not receive the federally mandated minimum wage for all of their respective weekly hours of work in at least one workweek at any time from three years filing this Complaint or thereafter.

39. The Potential Opt-Ins are similarly situated to Plaintiff in all relevant respects, having performed the same work duties as Plaintiff and being similarly situated with regard to Defendant's pay methods and pay practices.

40. The Potential Opt-Ins are not exempt from receiving pay at the federally-mandated minimum wage rate under the FLSA.

41. Defendant's failure to pay minimum wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the Potential Opt-Ins.

42. The specific job titles or precise job responsibilities of each Potential Opt-In does not prevent collective treatment.

43. Although the exact amount of damages may vary among the Potential Opt-Ins, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

44. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

## COUNT ONE
**(FLSA Minimum Wage Violations)**

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Plaintiff brings this claim for violation of the FLSA's minimum wage provisions on behalf of himself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed with the Court.

47. The FLSA requires that Defendant compensate its employees at minimum wages for all hours worked.

48. Defendant failed to compensate Plaintiff and the Potential Opt-Ins at minimum wages. By engaging in that practice, Defendant willfully violated the FLSA.

49. As a result of Defendant's violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive minimum wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid minimum wages" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a

reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

- Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to the Potential Opt-Ins informing them of this action and enabling them to opt in;

- Enter judgment against Defendant and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

- Award compensatory damages to Plaintiff as well as liquidated damages in an equal amount; and

- Award Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

Nilges Draher LLC

*/s/Christopher J. Lalak*
Christopher J. Lalak
Jeffrey J. Moyle
614 W. Superior Ave.
Suite 1148
Cleveland, OH 44113
216-230-2955
clalak@ohlaborlaw.com
jmoyle@ohlaborlaw.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Christopher J. Lalak*
Christopher J. Lalak

8